UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paul Smith, and Minor Children,
E.S., K.G., and J.S. by and through
Next Friend Paul Smith

    Plaintiffs,                                         Case No. 17-10629

v.                                                             Hon. Sean F. Cox

Michigan Department of Health and
Human Services, *et. al.*,

    Defendants.

_____/

## ORDER GRANTING
## PAUL SMITH'S MOTION FOR APPOINTMENT OF NEXT FRIEND

This matter is currently before the Court on Plaintiff Paul Smith's "Motion for Ex Parte Order for Appointment of Paul Smith as Next Friend for E.S. year of birth 2003, K.G. year of birth 2013 and J.S. year of birth 2014 Minor Children." (Doc. # 3). Defendants have filed responses opposing the motion.

For the reasons below, the Court shall PERMIT Plaintiff Paul Smith, through his attorney, to bring this § 1983 action on behalf of himself and his minor children. Should conflicts actually present, the Court will revisit this issue.

Federal Rule of Civil Procedure 17(c) controls the issue of capacity to sue:

(1) ***With a Representative***. The following representatives may sue or defend on behalf of a minor or an incompetent person:

    (A) a general guardian;

    (B) a committee;

    (C) a conservator; or

>     (D) a like fiduciary.
>
> (2) *Without a Representative*. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(1)-(2). The Sixth Circuit has held that "[t]he decision ... to appoint a next friend or guardian ad litem rests with the sound discretion of the district court..." *In re Kloian*, 179 Fed. App'x 262, 265 (6th Cir. 2006). In order for a parent to file an action on behalf of their minor child as the child's next friend, the parent must retain an attorney. *Simmons v. Boys and Girls Club of Greater Kalamazoo*, 2010 WL 3386013, at *1 (W.D. Mich. Aug. 24, 2010)

Here, Paul Smith, by and through his attorney, seeks to appear in this § 1983 action individually and as next friend on behalf of his minor children, E.S., K.G., and J.S. Smith has represented that he is the biological father of all three minor plaintiffs, that he shares joint legal and physical custody of each of the minor plaintiffs, that the biological mothers of the minor plaintiffs will be kept apprised of the proceedings as they relate to their respective children, and that there are no actual or perceived conflicts of interests that exist relative to the claims advanced by Paul Smith and those of the minor plaintiffs.

Defendants have opposed Smith's motion on the alleged basis of potential conflicts of interest. Defendants have failed to point to anything in the record establishing that Paul Smith (as the biological father and joint legal custodian of the minor children) is unable to proceed in the best interest of his minor children. Nor have the defendants established any concrete conflict of interest.

Accordingly, **IT IS ORDERED** that Plaintiff Paul Smith is permitted to bring this suit on behalf of himself and his minor children, E.S., K.G., and J.S., as next friend so long as the claims are pursued by an attorney. As indicated above, the Court will revisit this issue should conflicts

actually present.

    **IT IS SO ORDERED.**

                                      s/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: May 26, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2017, by electronic and/or ordinary mail.

                                      s/Jennifer McCoy
                                      Case Manager